UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHUL SHAH, M.D., *assignee of Joanne G.*,<br><br>     Plaintiff,<br><br>     v.<br><br>HORIZON BLUE CROSS BLUE SHIELD and BLUE ADVANTAGE ADMINISTRATORS OF ARKANSAS,<br><br>     Defendants. | HONORABLE NOEL L. HILLMAN<br><br>CIVIL ACTION NO. 16-2528<br><br>**OPINION** |

**APPEARANCES:**

CALLAGY LAW, P.C.
By:  Samuel S. Salman, Esq.
     Michael Gottlieb, Esq.
650 From Road, Suite 565
Paramus, New Jersey 07652
         Counsel for Plaintiff

BECKER LLC
By:  Michael E. Holzapfel, Esq.
Revmont Park North
1151 Broad Street, Suite 112
Shrewsbury, New Jersey 07702
         Counsel for Defendant Horizon Blue Cross Blue Shield

POST & SCHELL PC
By:  Steven J. Schildt, Esq.
     Marni S. Berger, Esq.
Four Penn Center, 13th Floor
1600 JFK Boulevard
Philadelphia, Pennsylvania 19103

and

LAWRENCE & RUSSELL, PLC
By:  Thomas H. Lawrence, Esq.
     J. Gordon Howard, Esq.

1

5178 Wheelis Drive
Memphis, Tennessee 38117
    Counsel for Defendant Blue Advantage Administrators of
    Arkansas

**HILLMAN**, United States District Judge:

This is one of many ERISA suits[1] filed by Plaintiff Dr. Rahul Shah, as purported assignee of his individual patients, against his patients' various insurance companies.[2] In each suit, Dr. Shah asserts that the insurance companies wrongfully denied requests for payment of benefits under the patients' health insurance policies, and consequently, Dr. Shah's bills for services were not paid, or not fully paid.

Presently before the Court are Defendants' Motions to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motions will be granted in part and denied in part.

---

[1] The Court has federal question subject matter jurisdiction pursuant 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

[2] In addition to this case, three other such suits are pending before the undersigned, *Shah v. Horizon Blue Cross Blue Shield of New Jersey*, Docket No. 17-cv-0632, *Shah v. Blue Cross Blue Shield of Michigan*, Docket No. 17-0711, *Shah v. Horizon Blue Cross Blue Shield of New Jersey*, Docket No. 16-2397, and a fourth was dismissed by stipulation of the parties, *Shah v. Horizon Blue Cross Blue Shield of New Jersey*, Docket No. 16-2495.
    The Court's records reflect 12 other open cases in this District, including *Rahul Shah on assignment from Marjorie M. v. Horizon Blue Cross Blue Shield of New Jersey*, 2016 U.S. Dist. LEXIS 113556 (D.N.J. Aug. 25, 2016)(Bumb, D.J.), extensively cited herein.

**I.**

On July 31, 2013, Dr. Shah allegedly performed back surgery on Joanne G. (Amend. Compl. ¶ 4-6; and Ex. A)  He alleges all services were medically necessary and reasonable (Id. at ¶ 4-5), yet Joanne G.'s health insurance company, Defendant Blue Advantage Administrators of Arkansas, allegedly underpaid the claim by $170,991.07. (Amend. Compl. ¶ 16)

Dr. Shah alleges that he obtained an assignment of benefits from Joanne G. (Amend. Compl. ¶ 7).  However, as Defendants observe, the actual assignment of benefits, attached as Exhibit B to the Amended Complaint, is dated December 19, 2015 -- almost a year and a half after the surgery was performed.  Moreover, the assignment is to Joanne G.'s "medical provider"; the document is not clear as to whether the assignment is to Premier Orthopaedic Associates of Southern New Jersey, or the individual doctors within that practice (Thomas A. Dwyer, Rahul V. Shah, and Christian Brenner), or both.[3]

The Amended Complaint asserts four claims: breach of contract; denial of benefits in violation of § 1132(a)(1)(B); breach of fiduciary duty in violation of § 1132(a)(3)(B); and

---

[3] The health insurance claim documents, attached as Exhibits C-E to the Amended Complaint, identify the "billing provider" as "Rahul Shah, M.D."

3

failure to maintain a reasonable claims process pursuant to 29 C.F.R. 2560.503-1.

## II.

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. *Bogosian v. Gulf Oil Corp.*, 562 F.2d 434, 446 (3d Cir. 1977). However, "the Federal Rules of Civil Procedure . . . do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

claim.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009)("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)("*Iqbal* . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

### III.

**A. Defendant Blue Administrators of Arkansas' Motion to Dismiss**

Blue Administrators asserts the following arguments: (1) the breach of contract claim (Count One) is preempted by ERISA; (2) Count IV, a violation of 29 C.F.R. 2560.503-1, fails to state a claim; (3) the ERISA fiduciary duty claim (Count Three) is "duplicative" of the ERISA claim for benefits (Count Two); (4) Dr. Shah's claim for benefits (Count Two) fails because (a) "no party has perfected a proper [administrative] appeal from the alleged denial of benefits" and (b) the claim is barred by the Plan's limitations period; and (5) the alleged assignment does not confer standing on Dr. Shah.

The Court addresses each argument in turn.

**1. Count One (the breach of contract claim) will be dismissed.**

In his opposition brief, Dr. Shah states "Plaintiff agrees to voluntarily dismiss [the breach of contract count]."

(Opposition Brief, p. 3) *Cf. Rahul Shah on assignment from Marjorie M. v. Horizon Blue Cross Blue Shield of New Jersey*, 2016 U.S. Dist. LEXIS 113556 at *8 (D.N.J. Aug. 25, 2016)(Bumb, D.J.)("the Court notes that Plaintiff's breach of contract claim (Count One) is dismissed with prejudice, per Plaintiff's concession that [the claim] is preempted by ERISA.").

The Court will dismiss this claim pursuant to Fed. R. Civ. P. 41(a), and the Motion to Dismiss Count One will be denied as moot.

**2.   Count Four (violation of 29 C.F.R. 2560.503-1) will be dismissed.**

Dr. Shah's opposition brief clarifies that Blue Administrators' alleged violation of the relevant federal regulation is not an independent claim.  Rather, the asserted violation is Dr. Shah's counter-argument to Defendants' argument that the instant suit is untimely under the applicable Plan limitations.  That is, Dr. Shah argues that Blue Administrators failed to inform him (and/or his patient) of the "plan-imposed deadline for judicial review" (Opposition Brief, p. 8), which he asserts is a violation of 29 C.F.R. 2560.503-1, the remedy for which is setting aside the plan's time limit. *See generally Mirza v. Ins. Adm'r of Am., Inc.*, 800 F.3d 129, 130-31 (3d Cir. 2015)("The principal question we address is whether plan administrators must inform claimants, of plan-imposed deadlines

6

for judicial review, in their notifications denying benefits. We hold that they must, and that the appropriate remedy for this regulatory violation is to set aside the plan's time limit and apply the limitations period from the most analogous state-law cause of action—here, New Jersey's six-year deadline for breach of contract claims."). In short, Dr. Shah asserts that Blue Administrators' alleged failure to comply with the regulatory requirement excuses the alleged failure to timely appeal the adverse benefits determination. This simply is not an affirmative claim for relief, and therefore Count Four will be dismissed.

Alternatively, "29 C.F.R. 2560.503-1 does not give rise to a private right of action." *Rahul Shah on assignment from Marjorie M.*, 2016 U.S. Dist. LEXIS 113556 at *31-34 (collecting authorities).

### 3. The remaining arguments are not ripe for disposition on a motion to dismiss.

Defendant's argument that the two statutory ERISA claims (Counts Two and Three) are duplicative is not a basis for dismissal at this early stage of the case. *See Rahul Shah on assignment from Marjorie M.*, 2016 U.S. Dist. LEXIS 113556 at *28 ("Defendant's Motion to Dismiss Plaintiff's breach of fiduciary duty claim (Count Three) will be . . . [denied]. Defendant may,

however, raise these arguments again on summary judgment, as appropriate.").

Defendant's argument that this suit is untimely implicates matters outside the pleadings, such as whether Defendant failed to inform Dr. Shah (and/or his patient) of the plan-imposed deadline for judicial review. *See* the Court's discussion *supra* at III., A., 2. Thus, Defendant's timeliness defense is more appropriately addressed at summary judgment.

Lastly, the Amended Complaint plausibly pleads a valid assignment to Dr. Shah and attaches a document entitled "Assignment of Benefits," signed by Joanne G., assigning to her "medical provider", "all of [her] rights and benefits under [her] insurance contract for payment for services rendered." (Amend. Compl. Ex. B) *See Rahul Shah on assignment from Marjorie M.*, 2016 U.S. Dist. LEXIS 113556 at *19 (holding that, "[a]t this juncture, the Court finds that Plaintiff has adequately pled that he has standing to pursue this action as an assignee of the Participant's rights and benefits under her ERISA plan. . . . [A]t this early stage of the litigation, Defendant's challenge to Plaintiff's standing must and will be denied without prejudice."). Defendant's argument that the assignment is not to Dr. Shah individually, but rather only to Premier

Orthopaedic Associates raises issues of disputed fact which may be addressed at summary judgment.[4]

## B. Defendant Horizon Blue Cross Blue Shield's Motion to Dismiss

Horizon asserts many of the same arguments asserted by Blue Administrators, and the Court's rulings on those arguments, set forth above, apply equally to Horizon's Motion to Dismiss.[5] Horizon asserts one additional argument not raised by Blue Administrators: "the Court must dismiss the complaint against Horizon because [Joanne G.'s] Plan is self-funded and Horizon neither administers the plan nor exercises any discretion or control over the plan." (Moving Brief, p. 10)

This argument raises matters outside the pleadings and is more appropriately addressed at summary judgment. While Horizon argues that no further discovery is necessary -- that this ERISA case will be decided on the administrative record (see Reply

---

[4] Moreover, to the extent Defendant's argument might be construed as an objection that Dr. Shah is not the proper plaintiff to pursue this suit, the remedy likely would not be dismissal. *See generally* Fed. R. Civ. P. 17(a)(3)("the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.").

[5] To the extent Horizon's arguments are not directly addressed above, they are directly addressed, and rejected, in Judge Bumb's thorough opinion. *See generally Rahul Shah on assignment from Marjorie M. v. Horizon Blue Cross Blue Shield of New Jersey,* 2016 U.S. Dist. LEXIS 113556 (D.N.J. Aug. 25, 2016).

Brief, p. 7) -- the Court notes that Federal Rule of Civil Procedure 56(b) explicitly provides that, unless set by local rule or court order (neither of which apply here), a party need not wait until the close of discovery to move for summary judgment.

**IV.**

For the reasons set forth above, Count One of the Complaint will be dismissed pursuant to Fed. R. Civ. P. 41(a), and the Motions to Dismiss Count One will be denied as moot. Additionally, the Motions to Dismiss will be granted as to Count Four, and denied in all other respects.

An appropriate Order accompanies this Opinion.


Dated: February 21, 2017
At Camden, New Jersey                    ___s/ Noel L. Hillman___
                                         **Noel L. Hillman, U.S.D.J.**