```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
    ─────────────────────────────────

    RAHUL SHAH, on assignment of          1:16-cv-2528 (NLH/KMW)
    JOANNE G.,
                                                  OPINION
              Plaintiff,

         v.

    HORIZON BLUE CROSS BLUE
    SHIELD and BLUE ADVANTAGE
    ADMINISTRATORS OF ARKANSAS,

              Defendants.[1]
    ─────────────────────────────────
```

**APPEARANCES**:

MICHAEL GOTTLIEB
SAMUEL S. SALTMAN
CALLAGY LAW PC
MACK-CALI CENTRE II
650 FROM ROAD
SUITE 558
PARAMUS, NJ 07652
     On behalf of Plaintiff

J. GORDON HOWARD, PRO HAC VICE
RUSSELL & OLIVER, PLC
5178 WHEELIS DRIVE
MEMPHIS, TN 38117
     On behalf of Defendant Blue Advantage Administrators of
     Arkansas

JEFFREY MATTHEW BRENNER
MARNI SABRINA BERGER
STEVEN SCHILDT
POST & SCHELL PC
FOUR PENN CENTER PLAZA
1600 JFK BOULEVARD
13TH FLOOR

---

[1] Defendant Horizon Blue Cross Blue Shield was dismissed without prejudice, by stipulation of the parties, on March 8, 2017.

PHILADELPHIA, PA 19103
    On behalf of Defendant Blue Advantage Administrators of
    Arkansas


**HILLMAN, District Judge**

This is one of many ERISA suits filed by Plaintiff Dr. Rahul Shah, as purported assignee of his individual patients, against his patients' various insurance companies. In each suit, Plaintiff asserts that the insurance companies wrongfully denied requests for payment of benefits under the patients' health insurance policies, and consequently, Plaintiff's bills for service were not paid, or not fully paid.

Presently before the Court is Defendant's Motion for Summary Judgment. For the reasons that follow, the Court will grant the motion and enter summary judgment in favor of Defendant.

**I.**

The Court takes its facts from Defendant's Statement of Undisputed Material Facts, Plaintiff's Response and Statement of Material Facts, and Defendant's Response to Plaintiff's Statement.

Plaintiff is a spinal surgeon who, on July 31, 2013, performed spinal surgery on Joanne G. Her treatment included a full bilateral laminectomy and fusion, among other surgical procedures of the lumbar spine. The total charge for the

surgical treatment was $174,922. Of the $174,922 charge for the surgical treatment, $3,930.93 was the amount allowed under the terms of the plan. The total non-covered amount was $170,991.07. Plaintiff proffers that, because the $3,930.93 was applied to Joanne G.'s deductible, Plaintiff was ultimately responsible for the entire $174,922.

Joanne G. was a participant in the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan ("the Plan"), a self-funded employee welfare benefit plan governed by ERISA. USAble Mutual Insurance Company, doing business as BlueAdvantage Administrators of Arkansas ("BlueAdvantange") is the third-party administrator who processed Joanne G.'s benefit claims. Plaintiff is an out-of-network provider.

Joanne G. signed a May 14, 2013 assignment which does not reference Plaintiff, referring solely to "Premier Orthopaedic Associates of Southern NJ, LLC." It states, in part, that Joanne G. "irrevocably assign[s] to you, my medical provider, all of my rights and benefits under my insurance contract for payment for services rendered to me." A second assignment was executed on December 19, 2015, which lists Premier Orthopaedic Associates of Southern New Jersey, Thomas A. Dwyer, Plaintiff, and Christian Brenner.

Plaintiff brings this action as an alleged assignee of Joanne G. Plaintiff filed its initial complaint on March 23,

2016 in New Jersey Superior Court, followed by a June 6, 2016 Amended Complaint. The Amended Complaint asserted four counts: (1) breach of contract, (2) failure to make payments under 29 U.S.C. § 1132(a)(1)(B), (3) breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), 1104(a)(1), 1105(a), and (4) failure to establish/maintain reasonable claims procedures under 29 C.F.R. 2560.503-1. The case was removed to federal court on May 4, 2016.[2] On February 21, 2017, this Court dismissed Count One and Count Four of the First Amended Complaint.

## II.

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing

---

[2] The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4

substantive law, a dispute about the fact might affect the outcome of the suit.  Id.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson, 477 U.S. at 255).

    Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."); see Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." (citing Celotex, 477 U.S.

at 325)).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s].'" Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). For "the non-moving party[] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Cooper v. Sniezek, 418 F. App'x 56, 58 (3d Cir. 2011) (citing Celotex, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 257.

## III.

The Court finds the December 19, 2015 assignment from Joanne G. to Plaintiff is void. The first assignment provides, in pertinent part:

> I irrevocably assign to you, my medical provider, all of my rights and benefits under my insurance contract for payment for services rendered to me. I authorize you to file insurance claims on my behalf for services rendered to me and this specifically includes filing arbitration/litigation in your name on my behalf against the PIP carrier/health care carrier. I irrevocably

6

authorize you to retain an attorney of your choice on my behalf for collection of your bills. I direct that all reimbursable medical payments go directly to you, my medical provider. I authorize and consent to your acting on my behalf in this regard and in regard to my general health insurance coverage pursuant to the "benefit denial appeals process" as set forth in the NJ Administrative Code.

The only individual/entity listed on this assignment is Premier Orthopaedic Associates of Southern NJ, LLC.

The second assignment provides, in pertinent part:

> I irrevocably assign to you, my medical provider, all of my rights and benefits under my insurance contract for payment for services rendered to me, including but not limited to, all of my rights under "ERISA" applicable to the medical services at issue. I specifically assign to you all of my rights and claims with regard to the employee health benefits at issue (including claims for the assessment of penalties and for attorneys' fees) arising under ERISA or other federal or state law.
> I acknowledge that you have not agreed to waive any applicable co-pay and deductibles. If I cannot afford to pay co-pay and deductible amounts, treatment will not be denied and specific arrangement will be made between us.
> I authorize you to file insurance claims on my behalf for services rendered to me and this specifically including filing arbitration/litigation in your name on my behalf against the PIP carrier/health care carrier. I irrevocably authorize you to retain an attorney of your choice on my behalf for collection of your bills. I direct that all reimbursable medical payments go directly to you, my medical provider. I authorize and consent to your acting on my behalf in this regard and in regard to my general health insurance coverage. I specifically authorize you to pursue any administrative appeals conduct pursuant to "ERISA" or other plan guidelines.

This assignment listed Premier Orthopaedic Associates of Southern New Jersey, as well as Thomas A. Dwyer, Plaintiff, and

Christian Brenner.

Defendant argues: "[T]he Second Assignment is legally null and void under the plain terms of the Initial Assignment, i.e., because Joanne G. irrevocably assigned her benefits in 2013, she had no benefits left to assign when the Second Assignment was attempted in 2015." Plaintiff, in response, argues that the 2013 assignment is "completely irrelevant as there is certainly no 'once per lifetime' limit on assigning insurance benefits."

The Court agrees with Defendant. "[A]s a result of a valid assignment, the assignor loses all control over the subject matter of the assignment and all interest in the right assigned." MHA, LLC v. UnitedHealth Grp., Inc., No. 13-6130, 2014 WL 223176, at *4 (D.N.J. Jan. 21, 2014) (quoting MHA, LLC v. Aetna Health, Inc., No. 12-2984, 2013 WL 705612 (D.N.J. Feb. 25, 2013), abrogated on other grounds by N. Jersey Brain & Spine Center v. Aetna, Inc., 801 F.3d 369 (3d Cir. 2015)); accord Middlesex Surgery Ctr. v. Horizon, No. 13-112, 2013 U.S. Dist. LEXIS 27278, at *9 (D.N.J. Feb. 27, 2013). It is axiomatic that once there has been a valid assignment, the assignor has no rights in the benefits she has given up, and thus no longer has the authority to transfer those rights. Both assignments purported to assign the "rights and benefits . . . for payment for services rendered to" Joanne G. Once assigned in 2013, Joanne G. had no rights left to attempt to assign to Plaintiff.

As Plaintiff's claims rest on the second assignment being valid, and as the Court finds it is not, the Court will grant summary judgment in favor of Defendant.

An appropriate Order will be entered.


Date: March 27, 2018       s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.